CHENG ZHONG HU, Petitioner,

v.

Alberto R. GONZALES, Respondent.

No. 05–4390–ag.

United States Court of Appeals,
Second Circuit.

Jan. 11, 2007.

Michael Brown, New York, NY, for Petitioner.

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, David C. James, Valerie Tocci, Assistant United States Attorneys, Brooklyn, NY, for Respondent.

PRESENT: Hon. WALKER, Hon. SONIA SOTOMAYOR, Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Cheng Zhong Hu, a citizen of China, seeks review of a July 22, 2005 order of the BIA denying his motion to reopen his removal proceedings. *In re Cheng Zhong Hu*, No. A79 741 516 (B.I.A. July 22, 2005). We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–34.

■ Hu did not file a timely petition for review of the BIA's denial of his merits appeal; his petition for review is timely only with respect to the denial of his motion to reopen. Accordingly, our review is confined to the denial of Hu's motion to reopen. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 90 (2d Cir.2001).

■ The BIA denied Hu's motion holding that his proffered new, previously unavailable evidence failed to overcome the IJ's adverse credibility determination about his Falon Gong practice. The BIA, however, abused its discretion when it determined that the new, previously unavailable evidence was insufficient to establish prima facie eligibility for relief. The new evidence included, among other documents, an affidavit from Hu's parents stating that in March 2005, a date after the BIA had affirmed the IJ's adverse credibility determination and denial of Hu's requests for relief, government officials had come to their home and told them that they had become aware of Hu's practice of Falon Gong in the United States. Even though Hu's claim that he practiced Falon Gong was deemed not credible at his hearing, the new evidence he presented, if found authentic, would be sufficient to prove that he was being sought by the Chinese government for arrest because it perceives him to be practicing Falun Gong in the United States and that he would face harm upon return to China. *See Chun Gao v. Gonzales*, 424 F.3d 122, 129 (2d Cir.2005) (holding that "an imputed political opinion, whether correctly or incorrectly attributed, can constitute a ground of political persecution within the meaning of the Immigration and Nationality Act").

Based on the foregoing, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision. Hu's motion for stay of removal is GRANTED pending a decision from the BIA on remand. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure

34(a)(2), and Second Circuit Local Rule 34(d)(1).